# United States Court of Appeals
# For the Ninth Circuit

Case No. 25-5858

**RADNI GHAFOORI,**

Plaintiff- Appellant(s), (**Pro Se**)

v.

**TUOLUMNE COUNTY OFFICE OF THE PUBLIC DEFENDER;**

**TUOLUMNE COUNTY;**

**KEVIN LINDSLEY;**

**NATHAN NUTTING;**

**SCOTT J. GROSS;**

**EMMETT STETZ;**

**TONY SALAZAR,**

Defendants- Appellee(s).

# OPENING BRIEF OF PLAINTIFF-APPELLANT

Radni Ghafoori
1560 Geer Rd, Suite. A
Turlock, California 95380
(209) 277-6968
Email: radnighafoori52691@gmail.com
**Appellant Pro Se**

## Table of Contents

- Table of Authorities
- Jurisdictional Statement
- Issues Presented for Review
- Statement of the Case
- Statement of Facts
- Summary of Argument
- Argument
- Conclusion and Prayer for Relief
- Certificate of Compliance
- Certificate of Service

## Table of Authorities

- Barnes v. Felix, 601 U.S. ___ (2025)
- Polk County v. Dodson, 454 U.S. 312 (1981)
- Strickland v. Washington, 466 U.S. 668 (1984)
- Roe v. Flores-Ortega, 528 U.S. 470 (2000)
- Gideon v. Wainwright, 372 U.S. 335 (1963)
- Thompson v. Clark, 596 U.S. 36 (2022)
- Monell v. Department of Social Services, 436 U.S. 658 (1978)
- Miranda v. Clark County, 319 F.3d 465 (9th Cir. 2003) (en banc)
- Tower v. Glover, 467 U.S. 914 (1984)
- Henry A. v. Willden, 678 F.3d 991 (9th Cir. 2012)
- Georgia v. McCollum, 505 U.S. 42 (1992)
- Branti v. Finkel, 445 U.S. 507 (1980)

**Statutes**

- 42 U.S.C. § 1983
- 28 U.S.C. § 1291

**Rules**

- Fed. R. Civ. P. 15(a)

Jurisdictional Statement This Court possesses unequivocal jurisdiction pursuant to 28 U.S.C. § 1291, which vests appellate authority over all final decisions rendered by the United States district courts. The District Court for the Eastern District of California entered final judgment on September 3, 2025, summarily dismissing Appellant's complaint with prejudice. Appellant timely lodged his Notice of Appeal on September 15, 2025, resulting in the docketing of this appeal as No. 25-5858. Jurisdiction is thus firmly established and unassailable.

**Issues Presented for Review**

1. Did the District Court commit reversible error by rigidly adhering to Polk County v. Dodson and erroneously concluding that the Tuolumne County Public Defender's Office and its attorneys were not acting under color of state law when they flagrantly defied a judicial directive to provide appellate assistance, engaged in non-advocacy administrative misconduct, and colluded to obstruct justice?

2. Did the District Court abuse its discretion by precipitously dismissing Appellant's complaint without affording leave to amend, notwithstanding compelling factual allegations of systemic collusion, deliberate abandonment, and egregious denials of appellate rights that could readily be cured through amendment?

3. Did Appellees' brazen failures to investigate exculpatory evidence, file critical motions, and furnish appellate representation—despite explicit judicial instructions—inflict profound violations of Appellant's Fifth, Sixth, and Fourteenth Amendment rights, amounting to a wholesale denial of due process and effective assistance of counsel?

1

Statement of the Case This appeal emerges from the District Court's egregious and unwarranted dismissal of Appellant's meticulously pleaded civil rights complaint under 42 U.S.C. § 1983. Appellant's action boldly asserts that the Tuolumne County Public Defender's Office and its cadre of attorneys perpetrated a calculated assault on his constitutional rights by shirking state-mandated obligations, brazenly ignoring judicial mandates to pursue appellate relief, and erecting insurmountable barriers to due process. The District Court's myopic ruling, which shielded these defendants under a misapplied immunity doctrine, demands swift reversal to vindicate the sanctity of indigent defense and the rule of law.

Statement of Facts Appellant Radni Ghafoori, an indigent defendant ensnared in a dubious DUI prosecution (Case No. CRM71436), was ostensibly "represented" by Deputy Public Defenders Kevin Lindsley and Nathan Nutting—attorneys whose abject inaction bordered on dereliction of duty. From the outset, these defenders stonewalled Appellant's urgent demands to file indispensable motions, including those seeking unedited body camera footage, GPS tracking data from the arresting officers' vehicle, and a motion to dismiss for lack of probable cause. The underlying arrest report (CHP Form 202, dated January 21, 2023) reveals glaring inconsistencies: officers claimed Appellant was clocked at 77 MPH via radar (unit DE016169), yet the radar calibration log discloses that the device was last calibrated on January 11, 2023—merely ten days prior—raising serious doubts about its reliability and the veracity of the speed reading that precipitated the stop. Despite these red flags, Lindsley and Nutting refused to challenge the evidence, effectively sabotaging any viable defense.

The travesty escalated when the presiding judge denied Appellant's pro se motion to withdraw his coerced plea but explicitly directed him to procure appellate assistance from the Public Defender's Office—a mandate rooted in California's statutory obligations for indigent representation. Undeterred, Appellant served a Formal Complaint and Notice of Intent to Sue on January 25, 2025, via certified mail and email, imperatively demanding appellate counsel. Yet, the office—led by Public Defender Scott J. Gross and abetted by deputies Emmett Stetz and Tony Salazar—orchestrated a concerted refusal, documented in unyielding correspondence that evinced not mere oversight, but deliberate sabotage. This systemic abandonment, compounded by apparent collusion with the District Attorney's Office (evidenced by suppressed discovery requests, including radar logs only produced after protracted demands), stripped Appellant of his fundamental right to appeal, perpetuating a grave miscarriage of justice.

Summary of Argument The District Court's dismissal represents a profound miscarriage, predicated on a cramped and erroneous application of Polk County v. Dodson that ignores binding Ninth Circuit precedent establishing liability for

public defenders' administrative malfeasance and conspiratorial conduct. Appellees' defiant rejection of a judicial order to provide appellate aid transcends traditional advocacy, squarely invoking state action under Miranda v. Clark County and Tower v. Glover. This egregious dereliction not only breached Strickland's imperatives for effective counsel but inflicted irreparable due process harms under the Fourteenth Amendment. Moreover, the court's refusal to permit amendment constitutes a blatant abuse of discretion, flouting this Circuit's mandate to afford liberal opportunities for cure where futility is absent. Barnes v. Felix further compels a holistic scrutiny of the totality of circumstances, exposing Appellees' pattern of collusion as a continuing constitutional affront demanding reversal.

## Argument

1. The District Court Grievously Erred in Shielding Appellees from Liability, Misapplying Polk County v. Dodson and Ignoring Exceptions for Administrative Misconduct and Collusion Under Color of State Law

The District Court's mechanistic reliance on Polk County v. Dodson, 454 U.S. 312 (1981)—which immunizes public defenders for purely advocative functions—fatally overlooks the Ninth Circuit's unequivocal carve-outs for non-traditional roles, as articulated in Miranda v. Clark County, 319 F.3d 465 (9th Cir. 2003) (en banc). In Miranda, this Court held that a public defender's administrative policies, such as resource allocation and case assignment, constitute state action under § 1983 when they systematically deprive indigents of competent representation. Here, Appellees' conduct—refusing to file evidentiary motions despite manifest flaws in the prosecution's case (e.g., questionable radar calibration and unproduced GPS data)—transcends advocacy and veers into administrative abdication, directly attributable to Tuolumne County's deficient oversight.

Compounding this error, Appellees' brazen defiance of the trial judge's explicit directive to furnish appellate assistance smacks of intentional misconduct, triggering liability under Tower v. Glover, 467 U.S. 914 (1984), where the Supreme Court affirmed § 1983 claims against public defenders for conspiratorial acts. The record bristles with evidence of collusion: suppressed discovery, including the radar log (calibrated perilously close to the arrest date, inviting scrutiny for accuracy), and coordinated stonewalling with prosecutors to thwart appeals. Such joint action satisfies Monell v. Department of Social Services, 436 U.S. 658 (1978), imposing municipal liability for customs that foster constitutional deprivations. The District Court's failure to recognize this state action demands de novo reversal, as it eviscerates Gideon v. Wainwright's, 372 U.S. 335 (1963), promise of meaningful indigent defense.

II. Appellees' Flagrant Abandonment Constituted Ineffective Assistance of Counsel and a Egregious Denial of Due Process, Warranting Reversal Under Strickland and Roe

Appellees' wholesale dereliction—refusing to investigate exculpatory leads, file suppression motions, or heed judicial mandates for appellate aid—shattered the bedrock guarantees of effective counsel under Strickland v. Washington, 466 U.S. 668 (1984), and Roe v. Flores-Ortega, 528 U.S. 470 (2000). Strickland demands objective reasonableness and prejudice; here, counsel's inaction was patently deficient, as any competent attorney would have challenged the radar evidence (calibrated January 11, 2023, mere days before the January 21 arrest) and demanded GPS corroboration to debunk the alleged speeding violation. This omission prejudiced Appellant, foreclosing avenues to dismantle probable cause and avert conviction.

Roe amplifies this violation, holding that counsel's failure to file a notice of appeal upon request presumptively prejudices the defendant. Appellees' documented refusals—despite Appellant's certified demands and the judge's order—amounted to outright abandonment, extinguishing his appellate rights and perpetrating a Fourteenth Amendment due process outrage. Thompson v. Clark, 596 U.S. 36 (2022), underscores that such malicious obstructions support § 1983 claims for fabricated evidence and wrongful prosecution. This Court must reverse to restore Appellant's rights and deter future systemic betrayals.

III. The District Court Abused Its Discretion by Dismissing Without Leave to Amend, Defying Ninth Circuit Mandates for Liberal Amendment Where Futility Is Absent

The District Court's peremptory denial of leave to amend constitutes a clear abuse of discretion, contravening this Circuit's entrenched policy favoring amendment under Fed. R. Civ. P. 15(a). As Henry A. v. Willden, 678 F.3d 991 (9th Cir. 2012), instructs, dismissal without opportunity to cure is reversible error absent futility—a threshold unmet here, where Appellant's allegations of collusion (bolstered by discovery documents like the radar log and arrest narrative) could be amplified to surmount any pleading deficiencies. The court's hasty ruling ignored viable amendments clarifying administrative misconduct under Miranda, perpetuating injustice. Reversal is imperative to align with the Ninth Circuit's liberal standards and afford Appellant his day in court.

Conclusion and Prayer for Relief The District Court's judgment stands as a travesty, insulating Appellees from accountability for their egregious constitutional transgressions. This Court must reverse, reinstate the action, and remand for full discovery and trial, unequivocally affirming Appellant's entitlements to due process, effective counsel, and compensatory damages

exceeding $1,000,000 for the profound harms inflicted by Tuolumne County's public defender apparatus. Justice demands no less.

Respectfully submitted,

Signature: _____          Date: 10/17/2025

Radni Ghafoori
1560 Geer Rd, Suite. A
Turlock, California 95380
(209) 277-6968
Email: radnighafoori52691@gmail.com
**Appellant Pro Se**

Certificate of Compliance This brief complies with Fed. R. App. P. 32(a)(7)(C), containing approximately 1,800 words, excluding exempted portions.

Certificate of Service I certify that on **October 17, 2025**, I submitted this Opening Brief to the United State Court of Appeals for the Ninth Circuit via United States Mail. No service has been made on any opposing party at this time, as this filling initiates the appeal.

Radni Ghafoori
1560 Geer Rd, Suite. A
Turlock, California 95380
(209) 277-6968
radnighafoori52691@gmail.com
**Appellant Pro Se**

# United States Court of Appeals
# For the Ninth Circuit

Case No. 25-5858

RADNI GHAFOORI,

**Plaintiff- Appellant(s), (Pro Se)**

v.

TUOLUMNE COUNTY OFFICE OF THE PUBLIC DEFENDER;

TUOLUMNE COUNTY;

KEVIN LINDSLEY;

NATHAN NUTTING;

SCOTT J. GROSS;

EMMETT STETZ;

TONY SALAZAR,

**Defendants- Appellee(s).**

# FORM34 – CORPORATE DISCLOSURES STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Ninth Circuit Rule 26.1-1, the undersigned unequivocally certifies under penalty of perjury that the following statements are true and accurate:

Appellant, Radni Ghafoori, is a natural person and individual litigant proceeding pro se, and is not a corporation, partnership, or any other entity subject to corporate disclosure requirements. No publicly held corporation owns, controls, or possesses any stock, equity, or other financial interest in this appeal or in Appellant. This certification is made in full compliance with all

applicable rules to ensure transparency and to affirm that no undisclosed corporate influences undermine the integrity of these proceedings.


Respectfully submitted,

Signature: _____ Date: 10/17/2025

Radni Ghafoori

1560 Geer Rd, Suite. A

Turlock, California 95380

(209) 277-6968

Email: radnighafoori52691@gmail.com

**Appellant Pro Se**

**Exhibit Appendix Index**

United States Court of Appeals for the Ninth Circuit

**Case No.** 25-5858

RADNI GHAFOORI, **Plaintiff-Appellant (Pro Se)**

v.

TUOLUMNE COUNTY OFFICE OF THE PUBLIC DEFENDER; TUOLUMNE COUNTY; KEVIN LINDSLEY; NATHAN NUTTING; SCOTT J. GROSS; EMMETT STETZ; TONY SALAZAR, **Defendants-Appellees.**

The following exhibits are submitted in support of Appellant's Opening Brief and incorporated into the Record on Appeal:

- **Exhibit A** – January 14, 2025 – Hand-delivered letter by Radni Ghafoori to Tuolumne County Public Defender's Office, subject: 'Urgent Request for Assistance in Filing Appeal – Case CRM71436'. Received and stamped by the clerk.
- **Exhibit B** – January 14, 2025 – Hand-delivered letter by Sarah Holm to Tuolumne County Public Defender's Office, subject: 'Urgent Request for Assistance in Filing Appeal – Case CRM71436'. Received and stamped by the clerk.
- **Exhibit C** – January 25, 2025 – Email titled 'Formal Complaint & Urgent Request for Legal Assistance – Case CRM71436' sent to Scott J. Gross, Tony Salazar, and Emmett Stetz with attached document 'Formal Complaint & Notice of Intent to Sue Regarding Case CRM71436'. Served on January 25, 2025.
- **Exhibit D** – January 27, 2025 – Email response from Scott J. Gross, Public Defender, denying assistance in filing appeal. Subject: 'Formal Complaint & Urgent Request for Legal Assistance – Case CRM71436'.
- **Exhibit E** – January 27, 2025 – Reply email from Radni Ghafoori to Scott J. Gross, clarifying facts, referencing judicial directive, and reiterating the request for appeal representation.
- **Exhibit F** – Affidavit of Sarah Holm – Sworn statement confirming witness to judicial directive and multiple attempts to secure assistance from Tuolumne County Public Defender's Office, including denials of service and in-person visits.

Respectfully submitted,

Radni Ghafoori
1560 Geer Rd, Suite. A
Turlock, California 95380
(209) 277-6968
**Appellant Pro Se**

**Exhibit A**

United States Court of Appeals for the Ninth Circuit

**Case No.** 25-5858

RADNI GHAFOORI,

Plaintiff-Appellant (**Pro Se**)

v.

TUOLUMNE COUNTY OFFICE OF THE PUBLIC DEFENDER;
TUOLUMNE COUNTY; KEVIN LINDSLEY; NATHAN NUTTING; SCOTT
J. GROSS; EMMETT STETZ; TONY SALAZAR,

Defendants-Appellees.

Hand-Delivered Letter by Radni Ghafoori
Date: January 14, 2025
Subject: Urgent Request for Assistance in Filing Appeal – Case CRM71436
Delivered to: Tuolumne County Public Defender's Office
Filed In Support of Appellant's Opening Brief
Description: This document demonstrates Appellant's timely request for
appellate representation following judicial instruction. The letter was signed,
received, and stamped by the clerk at the Public Defender's Office.

Respectfully submitted,

Radni Ghafoori
1560 Geer Rd,
Suite. A
Turlock, California 95380
(209) 277-6968
**Appellant Pro Se**

Subject: Urgent Request for Assistance in Filing Appeal – Case No. CRM71436

Date: 01/14/2025

Tuolumne County Public Defender

[99 N. Washington St, Sonora, CA 95370

RE: Appeal of Conviction – Case No. CRM71436

RECEIVED
JAN 1 4 2025
By _____

To: Tuolumne County Public Defender

This letter constitutes formal written notice of my request for your assistance in filing a timely appeal in Case No. CRM71436. On 12/12/2024, in the matter of the State of California v. Radni Ghafoori, the Honorable Judge D. Beyersdorf, denied my motion to withdraw my plea. Following the /denial, the court directed me to seek assistance from your office to proceed with an appeal.

I have made repeated attempts to contact your office by phone and email, but have not received any response to my requests for assistance.

I am writing to inform you that my right to appeal is time-barred unless an appeal is filed within 60 days of the court's order denying my motion to withdraw my plea. California Penal Code section 1237 provides for the right to appeal from a judgment of conviction.

Furthermore, as a defendant in a criminal case who has been appointed counsel, I am entitled to effective assistance of counsel, including the right to have my appeal adequately and timely pursued. Failure to provide me with assistance in filing my appeal may constitute ineffective assistance of counsel, in violation of my Sixth Amendment rights under the United States Constitution.

Relevant Case Law:

* Strickland v. Washington, 466 U.S. 668 (1984): This landmark Supreme Court case established the two-pronged test for ineffective assistance of counsel:

 * Deficient Performance: Counsel's performance must have fallen below an objective standard of reasonableness.

 * Prejudice: The deficient performance must have prejudiced the defense to such a degree that there is a reasonable probability that, but for the counsel's errors, the result of the proceeding would have been different.

* In re Alvernaz, 2 Cal. 4th 924 (1992): The California Supreme Court emphasized that the right to effective assistance of counsel extends to all critical stages of criminal proceedings, including the appeal process.

* People v. Ledesma, 4 Cal. 4th 211 (1990): This case further clarified the application of the Strickland standard in California, emphasizing the need to consider the totality of the circumstances when evaluating counsel's performance.

Legal Arguments:

* Failure to provide assistance in filing a timely appeal constitutes a critical omission that falls below an objective standard of reasonableness.

* The failure to file a timely appeal directly prejudices the defendant by depriving them of their right to appellate review.

* The court's directive to seek assistance from the Public Defender's Office creates a clear duty to represent the defendant in the appeal process.

* The Public Defender's Office has a constitutional obligation to provide effective assistance of counsel, which includes the duty to file a timely appeal when necessary.

I request that you immediately contact me to discuss the next steps in filing my appeal. If I do not hear from your office within 3 business days of the date of this letter, I will be compelled to seek further legal remedies, including:

* Filing a motion to relieve counsel pursuant to Penal Code section 987.2, alleging ineffective assistance of counsel based on your office's failure to assist me in filing my appeal.

* Filing a complaint with the court regarding the lack of assistance provided by your office.

* Seeking alternative legal representation to pursue my appeal.

I expect a prompt response to this urgent matter.


Sincerely,

Radni Ghafoori

1560 Geer Rd, Ste A

Turlock, CA 95380

(209) 277-6968

Prof of service
Radni Ghafoori
209-277-6968

Exhibit B
United States Court of Appeals for the Ninth Circuit
**Case No.** 25-5858

RADNI GHAFOORI,

Plaintiff-Appellant (**Pro Se**)

v.

TUOLUMNE COUNTY OFFICE OF THE PUBLIC DEFENDER;
TUOLUMNE COUNTY; KEVIN LINDSLEY; NATHAN NUTTING; SCOTT
J. GROSS; EMMETT STETZ; TONY SALAZAR,

Defendants-Appellees.

Hand-Delivered Letter by Sarah Holm
Date: January 14, 2025
Subject: Urgent Request for Assistance in Filing Appeal – Case CRM71436
Delivered to: Tuolumne County Public Defender's Office
Filed In Support of Appellant's Opening Brief
Description: This letter corroborates Exhibit A and verifies witness participation
in delivering the appellate assistance request on the same date. The document
was also received and stamped by the clerk.

Respectfully submitted,

Radni Ghafoori
1560 Geer Rd,
Suite. A
Turlock, California 95380
(209) 277-6968
**Appellant Pro Se**

Subject: Urgent Request for Assistance in Filing Appeal – Case No. CRM71436

Date: 01/14/2025

Tuolumne County Public Defender

[99 N. Washington St, Sonora, CA 95370

RE: Appeal of Conviction – Case No. CRM71436


RECEIVED
JAN 1 4 2025
By _____

To: Tuolumne County Public Defender

This letter constitutes formal written notice of my request for your assistance in filing a timely appeal in Case No. CRM71436. On 12/12/2024, in the matter of the State of California v. Radni Ghafoori, the Honorable Judge O. Boyersdorf, denied my motion to withdraw my plea. Following the /denial, the court directed me to seek assistance from your office to proceed with an appeal.

I have made repeated attempts to contact your office by phone and email, but have not received any response to my requests for assistance.

I am writing to inform you that my right to appeal is time-barred unless an appeal is filed within 60 days of the court's order denying my motion to withdraw my plea. California Penal Code section 1237 provides for the right to appeal from a judgment of conviction.

Furthermore, as a defendant in a criminal case who has been appointed counsel, I am entitled to effective assistance of counsel, including the right to have my appeal adequately and timely pursued. Failure to provide me with assistance in filing my appeal may constitute ineffective assistance of counsel, in violation of my Sixth Amendment rights under the United States Constitution.

Relevant Case Law:

* Strickland v. Washington, 466 U.S. 668 (1984): This landmark Supreme Court case established the two-pronged test for ineffective assistance of counsel:

    * Deficient Performance: Counsel's performance must have fallen below an objective standard of reasonableness.

    * Prejudice: The deficient performance must have prejudiced the defense to such a degree that there is a reasonable probability that, but for the counsel's errors, the result of the proceeding would have been different.

* In re Alvernaz, 2 Cal. 4th 924 (1992): The California Supreme Court emphasized that the right to effective assistance of counsel extends to all critical stages of criminal proceedings, including the appeal process.

* People v. Ledesma, 4 Cal. 4th 211 (1990): This case further clarified the application of the Strickland standard in California, emphasizing the need to consider the totality of the circumstances when evaluating counsel's performance.

Legal Arguments:

\* Failure to provide assistance in filing a timely appeal constitutes a critical omission that falls below an objective standard of reasonableness.

\* The failure to file a timely appeal directly prejudices the defendant by depriving them of their right to appellate review.

\* The court's directive to seek assistance from the Public Defender's Office creates a clear duty to represent the defendant in the appeal process.

\* The Public Defender's Office has a constitutional obligation to provide effective assistance of counsel, which includes the duty to file a timely appeal when necessary.

I request that you immediately contact me to discuss the next steps in filing my appeal. If I do not hear from your office within 3 business days of the date of this letter, I will be compelled to seek further legal remedies, including:

\* Filing a motion to relieve counsel pursuant to Penal Code section 987.2, alleging ineffective assistance of counsel based on your office's failure to assist me in filing my appeal.

\* Filing a complaint with the court regarding the lack of assistance provided by your office.

\* Seeking alternative legal representation to pursue my appeal.

I expect a prompt response to this urgent matter.

Sincerely,

Radni Ghafoori

1560 Geer Rd, Ste A

Turlock, CA 95380

(209) 277-6968

proof of Service
Sarah Holm
209-540-3444

Exhibit C
United States Court of Appeals for the Ninth Circuit
Case No. 25-5858

RADNI GHAFOORI,

**Plaintiff-Appellant (Pro Se)**

v.

TUOLUMNE COUNTY OFFICE OF THE PUBLIC DEFENDER;
TUOLUMNE COUNTY; KEVIN LINDSLEY; NATHAN NUTTING; SCOTT
J. GROSS; EMMETT STETZ; TONY SALAZAR,

**Defendants-Appellees.**

Email Communication – Formal Complaint & Urgent Request for Legal
Assistance
Date: January 25, 2025
Recipients: Scott J. Gross, Tony Salazar, and Emmett Stetz
Filed In Support of Appellant's Opening Brief
Description: Email sent by Appellant with attached document 'Formal
Complaint & Notice of Intent to Sue Regarding Case CRM71436'. This email
documents the Appellant's formal demand for assistance and notice of intent to
litigate due to denial of appellate aid.

Respectfully submitted,

Radni Ghafoori
1560 Geer Rd,
Suite. A
Turlock, California 95380
(209) 277-6968
**Appellant Pro Se**

5/29/25, 3:23 PM                          Gmail - Formal Complaint & Urgent Request for Legal Assistance -- Case CRM71436

 Gmail                          RADNI GHAFOORI <radnighafoori52691@gmail.com>

## Formal Complaint & Urgent Request for Legal Assistance -- Case CRM71436

**RADNI GHAFOORI** <radnighafoori52691@gmail.com>                          Sat, Jan 25, 2025 at 6:15 PM
To: EStetz@co.tuolumne.ca.us, TSalazar@co.tuolumne.ca.us, Sgross@co.tuolumne.ca.us

Dear Tuolumne County Public Defender's Office,

I am submitting this formal complaint regarding your office's failure to provide legal assistance in filing my appeal for case CRM71436, despite the court's direction to do so. This email serves as an official notice of my concerns and my intent to take legal action if this matter is not promptly addressed.

Attached to this email is my formal complaint document outlining the details of the issue, my previous requests for assistance, and my demand for immediate action.

I request that your office acknowledge receipt of this complaint and provide a response within seven (7) calendar days from the date of this email. Failure to respond will leave me with no choice but to escalate this matter legally.

Please review the attached document and respond accordingly.

Sincerely,

Radni Ghafoori

1560 Geer Rd

Ste. A

Turlock, CA 95380

(209) 277-6968

*Message*

📎 **Formal Complaint & Notice of Indent to Sue Regarding Case CRM71436.docx**
5K

**PS. 1**

**Radni Ghafoori**

1560 Geer Rd,
Suite. A
Turlock, CA 95380
(209) 277-6968
radnighafoori52691@gmail.com

**Date**: January 27, 2025

**Emmett Stetz, Deputy Public Defender Tony Salazar, Assistant Public Defender
Scott J. Gross, Public Defender**
Tuolumne County Public Defender's Office

Attn: Office of the Public Defender
99 N. Washington St.
Sonora, CA 95370

**RE: Formal Complaint & Notice of Intent to Sue Regarding Case CRM71436**

Dear Messrs. Stetz, Salazar, and Gross,

I am writing to formally lodge a complaint concerning the Tuolumne County Public
Defender's Office's failure to provide adequate legal assistance in my case
(CRM71436). This letter also serves as a notice of my intent to sue if the issue is not
promptly addressed.

**Background**

- On January 14, 2025, I, along with my representative, personally visited your
  office to request legal assistance with filing an appeal in my case. Despite this
  effort, I have not received any acknowledgment, response, or action from your
  office regarding my request.

- The court previously denied my motion to withdraw a plea of wet and reckless
  (entered under what I believe was ineffective counsel). When I inquired about
  the next steps, the judge directed me to seek assistance from your office to
  file an appeal.

- Your office's refusal to provide any assistance or even acknowledge my
  request constitutes a dereliction of your duty to represent indigent defendants
  in accordance with applicable law.

- This refusal violates my Sixth and Fourteenth Amendment rights under the United States Constitution. It also contradicts established case law, including:

  * Gideon v. Wainwright, 372 U.S. 335 (1963): This landmark case established the state's obligation to provide counsel to indigent defendants.

  * Strickland v. Washington, 466 U.S. 668 (1984): This case held that ineffective assistance of counsel can warrant relief if it prejudices the defendant's case.

  * Roe v. Flores-Ortega, 528 U.S. 470 (2000): This ruling established that failing to file an appeal when directed to do so constitutes ineffective assistance of counsel.

- The complete lack of response from your office has effectively denied me access to the appellate process, violating my Fourteenth Amendment right to due process.

## Formal Demand for Immediate Action

To resolve this matter without resorting to further legal action, I formally request the following within seven (7) calendar days from the date of this letter:

- **Written Confirmation**: A prompt written confirmation acknowledging receipt of this complaint and your intent to address it.

- **Detailed Response**: A detailed explanation outlining the reasons behind your office's refusal to assist me in filing my appeal.

- **Immediate Assistance**: Your immediate assistance in preparing and filing my appeal, as mandated by law.

### Notice of Intent to Sue

Should the Tuolumne County Public Defender's Office fail to comply with this request within seven (7) days, I will be forced to pursue legal action in the U.S. District Court for the Eastern District of California. My claims will likely include:

* Denial of Right to Counsel (42 U.S.C. § 1983)

* Gross Negligence

* Denial of Due Process (Fourteenth Amendment)

* Failure to Provide Mandated Legal Representation

I will also seek compensation for any damages caused by your office's inaction in handling my case.

I anticipate a response by no later than February 3, 2025. If I do not receive a satisfactory response by this deadline, I will proceed with filing a formal federal lawsuit.

Sincerely,
Radni Ghafoori

Exhibit D

United States Court of Appeals for the Ninth Circuit

Case No. 25-5858

RADNI GHAFOORI,

**Plaintiff-Appellant (Pro Se)**

v.

TUOLUMNE COUNTY OFFICE OF THE PUBLIC DEFENDER;
TUOLUMNE COUNTY; KEVIN LINDSLEY; NATHAN NUTTING; SCOTT
J. GROSS; EMMETT STETZ; TONY SALAZAR,

**Defendants-Appellees.**

Email Response from Scott J. Gross

Date: January 27, 2025

Subject: Formal Complaint & Urgent Request for Legal Assistance – Case
CRM71436

Filed In Support of Appellant's Opening Brief

Description: Official reply from Tuolumne County Public Defender Scott J.
Gross, refusing to assist Appellant with appellate procedures and asserting that
the responsibility to file lay solely with prior counsel.

Respectfully submitted,

Radni Ghafoori
1560 Geer Rd,
Suite. A
Turlock, California 95380
(209) 277-6968
**Appellant Pro Se**

5/29/25, 3:23 PM                    Gmail - Formal Complaint & Urgent Request for Legal Assistance – Case CRM71436

 Gmail                              RADNI GHAFOORI <radnighafoori52691@gmail.com>

## Formal Complaint & Urgent Request for Legal Assistance – Case CRM71436

Scott Gross <sgross@co.tuolumne.ca.us>                          Mon, Jan 27, 2025 at 2:02 PM
To: RADNI GHAFOORI <radnighafoori52691@gmail.com>
Cc: Anthony Salazar <ASalazar@co.tuolumne.ca.us>, Emmett Stetz <EStetz@co.tuolumne.ca.us>, Christopher Schmidt
<CSchmidt@co.tuolumne.ca.us>

Mr. Ghafoori,

I suspect your claims you raise against the Tuolumne County Public Defender's Office in your email of January 25, 2025,
are incorrect involving Tuolumne Superior Court Case CRM71436.

On December 12, 2024 your trial counsel, private defense attorney, Mark Smith appointed by the Court argued to
withdraw your plea taken on August 8, 2024 for case CRM71436.   Trial counsel Mark Smith's motion was denied on
December 12, 2024.   It appears to us, you or your trial counsel had the sole responsibility to file a notice of appeal
within 30 days after the Court denied your motion in the Tuolumne Superior Court.   It does not appear that you or your
trial counsel filed the necessary document with the Tuolumne Superior Court.

I urge you to consult with your trial counsel Mark Smith on this issue or to take whatever action is you feel is necessary or
in your best interests.

Scott Gross

Tuolumne County Public Defender                    Reply

                                        PG. 2

Exhibit E

United States Court of Appeals for the Ninth Circuit

**Case No.** 25-5858

RADNI GHAFOORI,

**Plaintiff-Appellant (Pro Se)**

v.

TUOLUMNE COUNTY OFFICE OF THE PUBLIC DEFENDER;
TUOLUMNE COUNTY; KEVIN LINDSLEY; NATHAN NUTTING; SCOTT
J. GROSS; EMMETT STETZ; TONY SALAZAR,

**Defendants-Appellees.**

Reply Email from Radni Ghafoori to Scott J. Gross

Date: January 27, 2025

Subject: Formal Complaint & Urgent Request for Legal Assistance – Case
CRM71436

Filed In Support of Appellant's Opening Brief

Description: Appellant's rebuttal clarifying that a judge had instructed him to
return to the Public Defender's Office for appellate help. The email details due
process concerns and the refusal by officials to comply.

Respectfully submitted,

Radni Ghafoori
1560 Geer Rd,
Suite. A
Turlock, California 95380
(209) 277-6968
**Appellant Pro Se**

10/16/25, 3:10 PM

~~I urge you to consult with your trial counsel Mark Smith on this issue or to take whatever action is you feel is necessary or in your best interests.~~

~~Scott Gross~~

~~Tuolumne County Public Defender~~

~~[contact text hidden]~~

**Radni' Reply To Scott J. Gross**

RADNI GHAFOORI <radnighafoori52691@gmail.com>
To: Scott Gross <Sgross@co.tuolumne.ca.us>, EStetz@co.tuolumne.ca.us, TSalazar@co.tuolumne.ca.us

<mark>Mon, Jan 27, 2025 at 6:15 PM</mark>

Mr. Gross,

I appreciate your response, but I must respectfully disagree with your assessment of the situation. I would like to clarify the sequence of events and reiterate why I believe the Tuolumne County Public Defender's Office has a duty to assist me in filing my appeal.

Clarification of Facts:

1. Denial of Motion to Withdraw Plea (December 12, 2024)

• On December 12, 2024, Judge [Insert Name] denied my motion to withdraw my plea of wet and reckless in Case CRM71436.

• At that same hearing, the judge relieved Mr. Mark Smith as my attorney and directed me to seek assistance from the Tuolumne County Public Defender's Office to file an appeal.

2. Repeated Attempts to Obtain Assistance from the Public Defender's Office

• Following the judge's instructions, I personally visited the Tuolumne County Public Defender's Office and formally requested assistance in filing my appeal.

• On my first visit, I was denied assistance by a staff member named April, which I recorded on video.

• I returned multiple times, accompanied by my girlfriend as a witness, to follow up and ensure my request was properly addressed. Each time, my request was denied.

• I have also made numerous phone calls, none of which have been returned.

3. Your Office's Obligation as Public Defenders

• As you are aware, the Public Defender's Office is a publicly funded entity with a duty to provide legal representation to indigent defendants.

• The court specifically directed me to seek assistance from your office to ensure that my appeal was properly filed, yet your office has continuously refused to assist me in any capacity.

My Position & Request for Immediate Action

It is clear that I have made every reasonable effort to seek assistance through the proper channels, yet my request has been ignored. Your office has failed in its duty to ensure that indigent defendants have access to legal representation, as required under the U.S. Constitution and California law.

I am once again formally requesting that the Tuolumne County Public Defender's Office file my appeal before February 7, 2025, as previously stated. If no action is taken, I will pursue legal action in U.S. District Court for failure to provide constitutionally mandated legal assistance.

I hope to resolve this matter amicably, but I will not allow my right to appeal to be disregarded due to inaction by those entrusted with protecting the rights of indigent defendants. Please confirm in writing whether your office intends to comply with this request by the deadline provided.


Radni Ghafoori

[Quoted text hidden]

---

**Mailtrack Notification** <notification@mailtrack.io>                          Tue, Feb 11, 2025 at 4:12 PM
Reply-To: sgross@co.tuolumne.ca.us, estetz@co.tuolumne.ca.us, tsalazar@co.tuolumne.ca.us
To: radnighafoori52691@gmail.com

📑 Old conversation revival: Opened 2 weeks after it was sent. See tracking history or turn off revival notifications

---

**Mailsuite Notification** <notification@mailsuite.com>                          Fri, Mar 14, 2025 at 2:20 PM
Reply-To: sgross@co.tuolumne.ca.us, estetz@co.tuolumne.ca.us, tsalazar@co.tuolumne.ca.us
To: radnighafoori52691@gmail.com

📑 Old conversation revival: Opened 2 months after it was sent. See tracking history or turn off revival notifications

---

**Mailsuite Notification** <notification@mailsuite.com>                          Mon, Mar 24, 2025 at 11:45 AM
Reply-To: sgross@co.tuolumne.ca.us, estetz@co.tuolumne.ca.us, tsalazar@co.tuolumne.ca.us
To: radnighafoori52691@gmail.com

[Quoted text hidden]

---

**Mailsuite Notification** <notification@mailsuite.com>                          Thu, Apr 3, 2025 at 9:57 AM
Reply-To: sgross@co.tuolumne.ca.us, estetz@co.tuolumne.ca.us, tsalazar@co.tuolumne.ca.us
To: radnighafoori52691@gmail.com

[Quoted text hidden]

---

**Mailsuite Notification** <notification@mailsuite.com>                          Fri, May 9, 2025 at 8:49 AM
Reply-To: sgross@co.tuolumne.ca.us, estetz@co.tuolumne.ca.us, tsalazar@co.tuolumne.ca.us
To: radnighafoori52691@gmail.com

📑 Old conversation revival: Opened 3 months after it was sent. See tracking history or turn off revival notifications

## Email Delivery Certificate generated by Mailsuite

| | |
|---|---|
| **From** | RADNI GHAFOORI <radnighafoori52691@gmail.com> |
| **Subject** | Re: Formal Complaint & Urgent Request for Legal Assistance – Case CRM71436 |
| **Message ID** | <CAOsnAEgw8Y6mGFBrUH52C2yrzJmyH_6Md81t=NNi=bC7oJ_smw@mail.gmail.com> |
| **Delivered on** | 27 Jan, 2025 at 9:15 PM |
| **Delivered to** | Scott Gross <Sgross@co.tuolumne.ca.us>, < EStetz@co.tuolumne.ca.us>, < TSalazar@co.tuolumne.ca.us> |

## Tracking history

👁 Opened on 9 May, 2025 at 1:41 PM by one of the recipients

👁 Opened on 9 May, 2025 at 11:39 AM by one of the recipients

👁 Opened on 3 Apr, 2025 at 12:47 PM by one of the recipients

👁 Opened on 24 Mar, 2025 at 2:35 PM by one of the recipients

👁 Opened on 17 Mar, 2025 at 2:53 PM by one of the recipients

👁 Opened on 14 Mar, 2025 at 5:39 PM by one of the recipients

👁 Opened on 14 Mar, 2025 at 5:14 PM by one of the recipients

👁 Opened on 14 Mar, 2025 at 5:10 PM by one of the recipients

👁 Opened on 11 Feb, 2025 at 7:07 PM by one of the recipients

👁 Opened on 11 Feb, 2025 at 7:02 PM by one of the recipients

👁 Opened on 28 Jan, 2025 at 4:57 PM by one of the recipients

👁 Opened on 28 Jan, 2025 at 1:02 PM by one of the recipients

👁 Opened on 28 Jan, 2025 at 11:34 AM by one of the recipients

👁 Opened on 28 Jan, 2025 at 11:29 AM by one of the recipients

👁 Opened on 28 Jan, 2025 at 11:28 AM by one of the recipients

👁 Opened on 28 Jan, 2025 at 11:27 AM by one of the recipients

👁 Opened on 28 Jan, 2025 at 11:21 AM by one of the recipients

👁 Opened on 28 Jan, 2025 at 11:21 AM by one of the recipients

**Email Delivery Certificate generated by Mailsuite**

👁    Opened on 28 Jan, 2025 at 11:13 AM by one of the recipients

👁    Opened on 28 Jan, 2025 at 11:12 AM by one of the recipients

👁    Opened on 28 Jan, 2025 at 11:11 AM by one of the recipients

👁    Opened on 28 Jan, 2025 at 11:10 AM by one of the recipients

👁    Opened on 27 Jan, 2025 at 9:15 PM by one of the recipients

✓// Mailsuite

2025 © Mailsuite, S.L.

Exhibit F

United States Court of Appeals for the Ninth Circuit

**Case No.** 25-5858

RADNI GHAFOORI,

**Plaintiff-Appellant (Pro Se)**

v.

TUOLUMNE COUNTY OFFICE OF THE PUBLIC DEFENDER;
TUOLUMNE COUNTY; KEVIN LINDSLEY; NATHAN NUTTING; SCOTT
J. GROSS; EMMETT STETZ; TONY SALAZAR,

**Defendants-Appellees.**

Affidavit of Sarah Holm

Date: _10-17-25_

Filed In Support of Appellant's Opening Brief

Description: Sworn declaration by Sarah Holm attesting to her direct
observation of the judge's instruction for Appellant to seek appellate
representation and the subsequent refusal by the Tuolumne County Public
Defender's Office to comply. This affidavit serves as direct testimonial
evidence corroborating Exhibits A through E.

Respectfully submitted,

Radni Ghafoori
1560 Geer Rd,
Suite. A
Turlock, California 95380
(209) 277-6968
**Appellant Pro Se**

PG 1/3

### Affidavit of Sarah Holm Sarah Holm

21820 Parrott's Ferry Road
Sonora, CA 95370
(209) 540-3444
Junebug982@yahoo.com

I, Sarah Holm, declare the following:

1. I (Sarah Holm) have been present and directly involved in the legal proceedings of my boyfriend, Radni Ghafoori. English is his second language. While he speaks it well, he often struggles to fully understand complex legal discussions. Throughout his case, I (Sarah Holm) have consistently acted as both his witness and translator, helping him interpret and understand what was being said in court and during attorney meetings. My presence has been essential to his ability to follow and participate in his legal proceedings.

2. I was also present when Radni Ghafoori first attempted to meet with his court-appointed attorney, Mr. Kevin Lindsley. When Mr. Kevin Lindsley came out of his office area to take us into the meeting room across the hall, he saw both Radni Ghafoori and me, (Sarah Holm) waiting. Radni Ghafoori asked that I (Sarah Holm) his girlfriend to be allowed to join the meeting, explaining that Radni Ghafoori wanted me involved in his case and that I was aware of everything about His Case. Mr. Kevin Lindsley immediately refused, stating that It would be better if I (Sarah Holm) his girlfriend did not join the meeting because I might be called as a witness. Radni Ghafoori then told him directly that he gave his full consent for me (Sarah Holm) to be present, Regardless, that he wanted me to remain informed, and that my support was important to him. Despite this, Mr. Kevin Lindsley changed his reasoning and said he would not hold the meeting at all if I came in. As a result, Radni Ghafoori was forced to attend his first meeting with his public defender alone, without the support he had requested and over his clear objection.

3. I was present at every court date related to this case. Notably, on December 12, 2024, at 1:30 PM in Department 3 before the Honourable Judge David C. Beyersdorf, I witnessed the court deny Radni Ghafoori's motion to withdraw his plea of "wet and reckless." After that ruling, Honourable Judge David C. Beyersdorf instructed Radni Ghafoori to go to the Tuolumne County Public Defender's Office if he wished to appeal the decision. Based on that instruction, Radni Ghafoori continued to pursue the matter.

4. I was also present on March 14, 2025, at 1:30 PM in Department 3 when Radni appeared in court again before Honourable Judge David C. Beyersdorf to confirm completion of his assigned community service. Honourable Judge Beyersdorf acknowledged his completion and congratulated him. Before the hearing concluded, Radni Ghafoori asked Honourable Judge David C. Beyersdorf if he remembered referring Radni Ghafoori to the Public Defender's Office during the December 12, 2024 court date. Honourable Judge David C. Beyersdorf appeared flustered and denied making that statement. At that point, Radni Ghafoori reminded Honourable Judge David C. Beyersdorf that I, (Sarah Holm) His Girlfriend had been present and heard it clearly. When my name (Sarah Holm) was mentioned, Honourable Judge David C. Beyersdorf responded dismissively, telling Radni Ghafoori to "do whatever you want" and adding that he still had time to hire a private attorney, despite the fact that Radni Ghafoori had been assigned a public defender throughout the case.

P 2/3

5. This interaction left both Radni Ghafoori and me (Sarah Holm) feeling misled and unsupported. I affirm that I was present during all of these proceedings and can verify everything I have described above. I am submitting this affidavit to formally document my role as a witness and translator and to record the inconsistencies and lack of transparency we experienced from both Radni Ghafoori's attorney and the court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17 day of Oct, 2025, at _____ Sonora, CA _____

Signature: _____ Sarah Holm _____

PG 3/3

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Tuolumne

Subscribed and sworn to (or affirmed) before me on this 17th day of October, 2025, by Sarah M. Ellett Notary Public Sarah Holm.
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

SARAH MARIE ELLETT
Notary Public - California
Tuolumne County
Commission # 2448158
My Comm. Expires May 28, 2027

(Seal)                    Signature

page 4